22IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

OMAR TORRES RUPERTO,

Petitioner

v.

UNITED STATES OF AMERICA,

Respondent

CIVIL 12-1235 (PG)
(CRIMINAL 10-344 (PG))

## OPINION AND ORDER

### I. INTRODUCTION

Petitioner Omar Torres Ruperto, a Police Officer of Puerto Rico employed by the Puerto Rico Department of Corrections, was indicted on October 28, 2010 in nine counts of a 31-count superceding indictment. (Criminal No. 10-344 (PG), Docket No. 68).  Eighth other defendants were also indicted.  As part of a plea agreement, petitioner agreed to enter a plea of guilty as to two counts of the indictment.  Petitioner was charged in Count Eleven in that, on or about June 9, 2010, in the District of Puerto Rico and elsewhere within the jurisdiction of this Court, he and Wendell Rivera Ruperto, aiding and abetting each other, did knowingly and intentionally attempt to possess with intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine,  a Schedule II Controlled Substance.  All in violation of Title 21 United States Code Section 846 and 841(a)(1) & (b)(1)(A)(ii)(III) and Title 18 United States Code Section 2. (Criminal No. 10-344 (PG), Docket No. 68 at 7).  Count

CIVIL 12-1235 (PG)                                            2
(CRIMINAL 10-344 (PG))

Thirteen of the Superceding Indictment charges that on or about June 9, 2010, in the District of Puerto Rico and elsewhere within the jurisdiction of this court, petitioner did knowingly possess a firearm in furtherance of a drug trafficking crime as defined in Title 18 United States Code Section 924(c)(2), that is, a violation of Title 21 United States Code Section 841(a)(1) and 846, involving a conspiracy and attempt to possess with intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Controlled Substance, as charged in Counts Ten and Eleven of the Indictment herein, either of which may be prosecuted in a court of the United States, all in violation of Title 18 United States Code Section 924(c)(1)(A).  In summary, petitioner and others would provide armed protection for the seller in a drug transaction (which actually involved sham cocaine) on behalf of a person they believed was a drug trafficker.

Petitioner pleaded guilty to Counts Eleven and Thirteen of the Superceding Indictment on April 28, 2011.  Following the recommendation of the parties, the court sentenced petitioner on August 9, 2011 to eighty-four months imprisonment in Count Eleven and sixty months imprisonment in Count Thirteen, to be served consecutively as required by the law. (Criminal No. 10-344 (PG), Docket Nos. 224, 225, 251).  No notice of appeal was filed.

CIVIL 12-1235 (PG)                                         3
(CRIMINAL 10-344 (PG))

This matter is before the court on petitioner Omar Torres-Ruperto's timely but meritless motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255, filed on April 5, 2012. (Docket No. 1.)  Petitioner argues five points: 1) the indictment failed to state a crime; 2) right-to-confrontation deficiencies at the arraignment; 3) Fifth Amendment violation because the arraignment was conducted by a "mere magistrate judge lacking authority..." to determine the sufficiency of the indictment; 4) this is a variation on the theme of ground two; 5) there was a Speedy Trial Act violation and no excusable time existed. (Docket No. 1-2 at 4-5).  The 12-page motion is accompanied by an affidavit incorporating the points raised, as well as a 6-page memorandum of law, which is half law and half allegations.

In the government's 13-page response dated May 25, 2012, it stresses that petitioner makes no specific reference to the record and that therefore, the claims are conclusory in nature, undeveloped, and should be summarily dismissed.  But the government also notes that none of the claims were first presented for direct review by way of appeal and that therefore petitioner has engaged in procedural default as to all of them.  (Docket No. 3).

On June 11, 2102, petitioner filed a 6-page reply to the government's response, accompanied by a five page abridged memorandum of law. (Docket No. 4).   He argues that his affidavit has not been rebutted, repeats much of his

CIVIL 12-1235 (PG)            4
(CRIMINAL 10-344 (PG))

argument, attacks the court's jurisdiction, accuses the United States Attorney of committing fraud on the court, and demands a hearing.

The arguments of the parties having been considered, and the record having been reviewed, it is clear that petitioner's argument are devoid of any plausible merit, and that he has engaged in procedural default.  Therefore the motion to vacate, set aside, or correct sentence is DENIED without evidentiary hearing.

## II.  DISCUSSION

Under section 28 U.S.C. § 2255, a federal prisoner may move for post conviction relief if:

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. . . .

28 U.S.C. § 2255(a); Hill v. United States, 368 U.S. 424, 426-27 n.3, 82 S.Ct. 468 (1962); David v. United States, 134 F.3d 470, 474 (1st Cir. 1998); Torres-Santiago v. United States, 865 F. Supp. 2d 168, 184 (D.P.R. 2012).  The burden is on the petitioner to show his entitlement to relief under section 2255, David v. United States, 134 F.3d at 474, including his entitlement to an evidentiary hearing. Cody v. United States, 249 F.3d 47, 54 (1st Cir. 2001) (quoting United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993));  Perocier-Morales v. United States, 887 F. Supp. 2d 399, 415 (D.P.R. 2012).  It has been held that an evidentiary hearing

CIVIL 12-1235 (PG)                                      5
(CRIMINAL 10-344 (PG))

is not necessary if the 2255 motion is inadequate on its face or if, even though facially adequate, "is conclusively refuted as to the alleged facts by the files and records of the case." United States v. McGill, 11 F.3d at 226 (quoting Moran v. Hogan, 494 F.2d 1220, 1222 (1st Cir. 1974)). "In other words, a '§ 2255 motion may be denied without a hearing as to those allegations which, if accepted as true, entitle the movant to no relief, or which need not be accepted as true because they state conclusions instead of facts, contradict the record, or are 'inherently incredible.'" United States v. McGill, 11 F.3d at 226 (quoting Shraiar v. United States, 736 F.2d 817, 818 (1st Cir. 1984)); Perocier-Morales v. United States, 887 F. Supp. 2d at 415.

The matter of procedural default cannot be ignored since petitioner's motion reads more like an appellate brief than it does a garden-variety collateral attack. See United States v. Timmreck, 441 U.S. 780, 784, 99 S.Ct. 2085 (1979).

> A significant bar on habeas corpus relief is imposed when a prisoner did not raise claims at trial or on direct review. In such cases, a court may hear those claims for the first time on habeas corpus review only if the petitioner has "cause" for having procedurally defaulted his claims, and if the petitioner suffered "actual prejudice" from the error of which he complains.

United States v. Sampson, 820 F. Supp.2d 202, 220 (D.Mass. 2011), citing Owens v. United States, 483 F.3d 48, 56 (1st Cir. 2007), also citing Oakes v. United States, 400 F.3d 92, 95 (1st Cir. 2005) ("If a federal habeas petitioner

CIVIL 12-1235 (PG)                               6
(CRIMINAL 10-344 (PG))

challenges his conviction or sentence on a ground that he did not advance on direct appeal, his claim is deemed procedurally defaulted.")  To obtain collateral relief in this case, petitioner must show cause excusing his double procedural default and actual prejudice resulting from the errors he is complaining about. See United States v. Frady, 456 U.S. 152, 167-68, 102 S. Ct. 1584, 1594 (1982); Bucci v. United States, 662 F.3d 18, 29 (1st Cir. 2011).  Ineffective assistance of counsel can clearly supply the cause element of the cause and prejudice standard. See Murray v. Carrier, 477 U.S. 478, 488 (1986), cited in Bucci v. United States, 662 F.3d at 29.  However, petitioner has failed to show that defense counsel's representation was constitutionally ineffective.  In fact, petitioner is silent as to the conduct of his attorney and focuses his collateral attack on the actions of the prosecution and the errors of the court.  Therefore, petitioner's argument suffers from double procedural default, that is, failure to raise any of these issues before at the trial level, and failure to raise them on appeal.  See United States v. Frady, 456 U.S. at 167-68, 102 S. Ct. 1584; Vega-Colon v. United States, 463 F. Supp. 2d 146, 150 (D.P.R. 2006).

It is hornbook law that ". . .the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review. Habeas review is an extraordinary remedy and 'will not be allowed to do service for an appeal.'" Bousely v. United States, 523 U.S. 614, 621, 118 S. Ct. 1604,

CIVIL 12-1235 (PG)                              7
(CRIMINAL 10-344 (PG))

1610 (1998); see Casas v. United States, 576 F. Supp. 2d 226, 323 (D.P.R. 2008). The sentencing court generally informs defendants that they can appeal the conviction if the guilty plea was somehow unlawful or involuntary or if there was some other fundamental defect in the proceedings that was not waived by the guilty plea.  In this case, since petitioner was sentenced in accordance with the plea agreement which included a valid and enforceable waiver of appeal clause, he was not advised of his right to appeal the judgment and sentence. (Criminal No. 10-344 (PG), Docket No. 495, S.T. at 8).

Finally, a perusal of the substance of the arguments reveals their lack of merit.  The superceding indictment carries no fatal errors.  The arraignment does not include a confrontational process other than to present the charging document to the defendant and inform him in a formal setting of the charges he faces. The authority of the United States magistrate judge is beyond  question. And finally, a computation of time reveals that there was no violation of the Speedy Trial Act.

### III. CONCLUSION

Because petitioner appears pro se, his pleadings are considered more liberally, however inartfully or opaquely pleaded,  than those penned and filed by an attorney. See Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197 (2007). Clearly, district court are required to heed the decades-old directive that judges are to hold pro se complaints "to less stringent standards than formal pleadings

CIVIL 12-1235 (PG)                               8
(CRIMINAL 10-344 (PG))

drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594 (1972). This liberality has its limit and this motion has reached them.  See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556-67, 127 S.Ct. 1955 (2007).  Petitioner has raised meritless points supported by generic, conclusory, unsupported, rote statements of law that lend no support to his argument.  Docket No. 4 at 4, 4-1 at 2-2.   Petitioner entered into a plea agreement and received the sentence he anticipated.   The waiver of appeal was intelligently made.   Petitioner's claims have been procedurally defaulted and he has failed to show cause for the default and actual prejudice resulting from the alleged errors.

In view of the above, the motion to vacate, set aside or correct petitioner's sentence under 28 U.S.C. § 2255 is DENIED without evidentiary hearing.  The clerk is to enter judgment accordingly.

Based upon my reasoning above, no certificate of appealability should be issued in the event that Petitioner files a notice of appeal, because there is no substantial showing of the denial of a constitutional right within the meaning of Title 28 U.S.C. § 2253(c)(2). Miller-El v. Cockrell, 537 U.S. 322, 336-38, 123 S.Ct. 1029 (2003).

In San Juan Puerto Rico this 28th day of October, 2013.

                                        S/ JUAN M. PEREZ-GIMENEZ
                                        United States District Judge